KAREN P. HEWITT
United States Attorney
TARA K. McGRATH
Assistant United States Attorney
California State Bar No. 254209
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
619 557-6920 (Telephone)/619 557-5551 (Fax)
E-mail: Tara.McGrath@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE R. VASQUEZ,<br><br>Defendant. | Criminal Case No. 08CR1157-LAB<br><br>Date: July 28, 2008<br>Time: 9:30 a.m.<br><br>Honorable Larry A. Burns<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM** |

NOW COMES plaintiff United States of America, by and through its counsel, United States Attorney Karen P. Hewitt and Assistant United States Attorney Tara K. McGrath, and hereby files the following Response in Opposition to Defendant's Sentencing Memorandum. This memorandum is based on the file, the Presentence Report ("PSR"), the Confidential Communication submitted to the Court by Probation and the Sentencing Memorandum filed by Jose R. Vasquez ("Defendant").

The United States respectfully submits that a sentence of forty-one (41) months, as contemplated by the Plea Agreement, is both necessary and appropriate in this case. Pursuant to the terms of the Plea Agreement, the United States already recommends significant downward

departures and adjustments, including a two-level reduction for minor role, a three-level adjustment for acceptance of responsibility, a two-level adjustment for safety valve, and a two-level downward departure for fast-track: a total of **nine levels** lower than this offense would otherwise warrant. Despite these significant downward departures and adjustments, Defendant now seeks additional reductions under the factors set forth in 18 U.S.C. § 3553(a), requesting a sentence of twenty-seven (27) months. Accordingly, the United States opposes any further offense level reductions beyond those already designated in the Plea Agreement.

## I

## STATEMENT OF FACTS

On March 30, 2008, Defendant was arrested at the Calexico, California West Port of Entry when he attempted to enter the United States as the driver and sole occupant of a vehicle that contained 22.52 kg of cocaine.[1/] PSR at 1. An inspection of the vehicle conducted at the Calexico Port of Entry, revealed a non-factory compartment in the vehicle's wheel well that contained the 22.52 kilograms of cocaine. Id.

After waiving his Miranda rights post-arrest, Defendant admitted that he knew he was smuggling an illegal substance in the vehicle but believed it to be marijuana, and also stated that he was to be paid $3,000.00 to smuggle the drugs across the international border. Id. Defendant further stated that a man known to him as "Javier" offered him the job of smuggling the drugs into the United States. Defendant made arrangements with "Javier" that Defendant would drive the loaded vehicle across the international border and then proceed to the Mervyn's store in Calexico, California where Defendant would wait to receive a phone call from "Javier" with instructions of turning over the vehicle to be unloaded. PSR at 2. At the time of his arrest, Defendant was in possession of $750.00 in the form of fifteen $50.00 bills. Id.

/ / /

---

[1] The vehicle was registered in Defendant's name as of January 12, 2008. PSR at 1.

## II

## ARGUMENT

Defendant states that a sentence of twenty-seven (27) months is appropriate according to the 18 U.S.C. § 3553(a) factors and other downward departures. Def.'s Sentencing Summary Chart. at 2. In support of this recommended sentence, Defendant requests downward departures and/or reductions specifically on the grounds of an extraordinary physical impairment, lack of knowledge of the substance and aberrant behavior. Def's Sentencing Mem. at 10. Defendant bears the burden of showing that any such departures or reductions are appropriate. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990). He cannot meet this burden.

### A. THE SENTENCING GUIDELINES RESULT IN A REASONABLE SENTENCE AND SATISFY THE GOALS OF 18 U.S.C. § 3553(a)

It is well-established that the Sentencing Guidelines are advisory rather than mandatory. See United States v. Booker, 543 U.S. 220, 245 (2005). Nonetheless, the Supreme Court has held that "[t]he district courts, while not bound to apply the guidelines, must consult those Guidelines and take them into account when sentencing" in accordance with the factors set forth in 18 U.S.C. § 3553(a). Id. at 259-60. Under this sentencing scheme, the imposed sentences must be reasonable. Id. at 264 ("The courts of appeals review sentences for unreasonableness.").

As noted above, the United States seeks imposition of the Guidelines sentence negotiated in the Plea Agreement, and is constrained by the Plea Agreement to recommend the low end of the sentencing range. An adjusted base offense level of twenty-two (22) at Criminal History Category I results in a sentencing range of forty-one (41) to fifty-one (51) months. The United States recommends a sentence at the low end of that range, forty-one (41) months in custody. Defendant now asks the Court to reduce the sentence by approximately fourteen (14) months. Imposition of such a sentence would result in a sentence that does not comport with goals and objectives of 18 U.S.C. § 3553(a). Particularly, a sentence imposed based on the recommendation of Defendant would not reflect

the seriousness of the crime or deter future criminal conduct, and would result in an unwarranted sentencing disparity compared to sentences imposed for similarly situated defendants. 18 U.S.C. § 3553(a).

**B. THE ADDITIONAL DEPARTURES AND REDUCTIONS REQUESTED BY DEFENDANT ARE UNWARRANTED**

**1. Defendant Is Not Entitled To A Downward Departure Or Reduction For Aberrant Behavior**

Any further sentence reduction under the 18 U.S.C. § 3553(a) factors or a downward departure on the basis of aberrant behavior is inappropriate for at least two reasons. One, Defendant clearly had the opportunity to reflect on his decision to commit the instant offense. USSG § 5K2.20(b); see also Rojas-Millan, 234 F.3d 464, 475 (9th Cir. 2000) (court may consider whether the defendant "engaged in a significant planning or reflection"). Defendant demonstrated this opportunity for reflection, as outlined in his statement in the PSR, when he explained that "Javier" repeatedly solicited his involvement between December 2007 and approximately February 2008. PSR at 3. The PSR further indicates that Defendant ultimately agreed to meet with "Javier" at a restaurant in Mexicali several weeks before the date of the instant offense and Defendant agreed to have the load vehicle registered in his name at that time. Id. Defendant then returned to his home town of Los Mochis, Sinaloa and waited to be contacted with instructions to return to Mexicali to pick up the load vehicle and drive it across the international border. Id. Given these multiple steps, Defendant clearly had the time and opportunity to reflect on his decision to commit this crime.

Two, in this case, the United States and the Sentencing Guidelines have already rewarded Defendant for his lack of criminal history. Specifically, as set forth above, the Plea Agreement recommends that Defendant receive a two-level reduction for safety-valve based, in part, on his lack of a prior criminal record. See USSG § 5C1.1(a)(1).

For both of these reasons, any further sentence reduction, or a downward departure on the basis of aberrant behavior, would be wholly inappropriate.

**2. Defendant's Health Ailments**

Defendant next argues that his "extreme" physical and mental health ailments constitute a supporting factor for the Court to consider with regards to his request for an additional departure. Def.'s Mot. at 8. To support this argument, Defendant cites an unpublished Second Circuit decision stating that HIV positive status has been held to be an extraordinary physical impairment warranting departure. Def.'s Mot. at 9. Although physical condition is not ordinarily a relevant sentencing factor, the Sentencing Commission has recognized that "an extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." USSG § 5H1.4.

According to the PSR, Defendant has asserted several physical impairments, including a bout with meningitis and a blood clot in his lung four or five years ago; severe headaches; vision problems, a possible history of Hepatitis A and dental problems. PSR at 6:31-41. The PSR further notes a chronic illness which requires monitoring. Id. This illness is detailed in the Confidential Letter submitted to the Court by Senior Probation Officer, Marvin English. Yet even taking these complaints at face value, it does not appear that Defendant's ailments will render him bed-ridden in the manner apparently contemplated by the Sentencing Commission and the courts interpreting USSG § 5H1.4. For example, the Ninth Circuit held that a defendant who was legally blind was not entitled to a § 5H1.4 departure, where the prison could adequately accommodate blindness. United States v. Martinez-Guerrero, 987 F.2d 618, 621 (9th Cir. 1993). Similarly, there is no evidence here that the prison system will be unable to deal adequately with Defendant's medical conditions.[2/]

After detailing Defendant's condition in the aforementioned Confidential Letter, Probation Officer English concluded that Defendant's specific condition "can be treated/managed within the

---

[2] Indeed, it should be noted that Defendant has been on five different medications for his chronic condition since 2002 and that administration of these medications has continued consistently while Defendant has been in custody. Letter from Marvin English, Senior U.S. Probation Officer, to Larry A. Burns, U.S. District Judge, Southern District of California (June 16, 2008) at 1.

Bureau of Prisons." Letter from Marvin English, Senior U.S. Probation Officer, to Larry A. Burns, U.S. District Judge, Southern District of California (June 16, 2008) at 2.

In this case, Defendant's assertion of a "chronic illness" and the information contained in the Confidential Letter from Probation establish an unclear determination as to the extent and debilitation of this illness in Defendant's case. While the Western Region Detention Facility medical records made available by Defendant apparently confirm that he was diagnosed with this illness, a Probation inquiry determined that he was not given any restrictions due to health problems and confirmed that Defendant's "conditions are manageable in custody." Id. Other circuits have also underscored the difficulty in establishing this departure. In United States v. Johnson, 71 F.3d 539 (6th Cir. 1995), the court found it "possible" that a defendant could qualify for a §5H1.4 departure based on "diabetes, hypertension, hypothyroidism, ulcers, potassium losing enteropathy, and reactive depression . . . [and] major depressive disorder," but that more evidence may be necessary than a letter from a physician and a letter from a psychiatrist. Id. at 544-45.

Although some of the medical conditions asserted by Defendant are serious, the quantum of proof required under § 5H1.4 is clearly higher than the partially substantiated record of poor health offered by Defendant. Accordingly, Defendant has not carried his burden of showing that an additional downward departure is warranted based in part on his physical condition. See Rivas-Gonzalez, 384 F.3d at 1043 n.2.

**3. Defendant Is Not Entitled To A Downward Departure Based on Mendoza**

Defendant further contends that, under United States v. Mendoza, 121 F.3d 510 (9th Cir. 1997), his alleged lack of knowledge of the type and amount of the drugs he was smuggling merits a downward departure. Def.'s Sentencing Mem. at 9.

It is well established that "[t]he base offense level for guideline sentencing may be determined by the volume of the drug actually imported, whether or not the defendant knows either the volume or the nature of the substance -- if he knows only that he is importing a controlled substance." United States v. Salazar, 5 F.3d 445, 446 (9th Cir. 1993) (Customs inspector who accepted bribes

to permit drugs to cross into the United States was properly held accountable for the cocaine that was imported, rather than the marijuana he allegedly thought would be imported); United States v. Barbosa, 271 F.3d 438, 459 (3d Cir. 2001) (Defendant properly held responsible for importing cocaine base even though he believed he was carrying heroin); United States v. Martinez, 301 F.3d 860, 864-66 (7th Cir. 2002) (Defendant held responsible for possession of cocaine with intent to distribute even though the defendant allegedly did not know of or foresee the cocaine hidden in the marijuana bundles); United States v. De La Cruz, 996 F.2d 1307, 1314 (1st Cir. 1993) ("A defendant who conspires to transport for distribution a large quantity of drugs, but happens not to know the precise amount, pretty much takes his chances that the amount actually involved will be quite large.").

Nevertheless, in Mendoza, the Ninth Circuit concluded that "[t]he district court erred in concluding that it lacked power to consider a downward departure on the ground of Mendoza's lack of control over, and knowledge of, the purity of the methamphetamine he possessed for distribution." Id. at 516. In so holding, the Ninth Circuit noted that, while a defendant is ordinarily sentenced on the basis of the amount of drugs possessed, there may be instances "where the amount of drugs that happened to be possessed differs so much from the amount reasonably foreseeable that a departure is justified because the offense level grossly overstates the culpability of the defendant's conduct." Id. at 514.

However, a departure under Mendoza is unwarranted in this case for at least three reasons. First, Defendant assumed the risk that he may be smuggling cocaine – rather than some less dangerous drug like marijuana. When Defendant willingly agreed to participate in the narcotics smuggling venture, he knowingly assumed a certain amount of risk and must take responsibility for such action. See United States v. Chin, 981 F.2d 1275, 1280 (D.C. Cir. 1992) (the drug statutes "impose on the drug dealer the burden of inquiry and risk of misjudgment"). Defendant should have exercised some due diligence regarding the type and amount of contraband that he was smuggling into the United States. Like the customs inspector in Salazar, and the drug couriers in De La Cruz and Barbosa, Defendant should be held accountable for the cocaine that he actually

imported into the United States, rather than the unknown amount of some other drug. Defendant's willful blindness to the type or quantity of the drug that he was smuggling should not be rewarded by any further downward departure pursuant to Mendoza.

Second, Defendant's alleged lack of knowledge about the type of drug he was smuggling does not distinguish his situation from the great majority of drug importation cases seen by this Court. As Mendoza noted, it is within the sentencing court's "special expertise" to determine whether a case falls within the "heartland" based on a review of similar defendants sentenced under the same Guideline as the case at hand. Mendoza, 121 F.3d at 515. A lack of knowledge about the precise amount or type of drugs involved in a smuggling venture is a common refrain heard from similarly situated individuals. By not presenting any unusual circumstances, Defendant has failed to show that the facts of his situation fell "outside the heartland" of cases seen by this Court. See Mendoza, 121 F.3d at 515. Accordingly, the Court should deny Defendant's request for a downward departure based on Mendoza.

The third reason that a downward departure is not appropriate under Mendoza is because the Plea Agreement in this case already takes into account Defendant's relative culpability. Specifically, the Plea Agreement properly recognizes Defendant's minor role as a courier.

---

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court sentence Defendant to a forty-one (41) month term of imprisonment.

DATED: July 24, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/Tara K. McGrath*
Tara K. McGrath
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1157-LAB |
| Plaintiff, | ) | |
| v. | ) | Certificate of Service |
| JOSE R. VASQUEZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Tara K. McGrath, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Sentencing Memorandum on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Marc B. Gellar, Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2008.

*s/Tara K. McGrath*
Tara K. McGrath